UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

KATHLEEN GOUDGE,

    Plaintiff,

    v.                                     Civil No. 09-1170-HA

MICHAEL J. ASTRUE,                 OPINION AND ORDER
Commissioner of Social Security,

    Defendant.

HAGGERTY, District Judge:

Plaintiff Kathleen Goudge seeks judicial review of a final decision by the Commissioner of the Social Security Administration denying her application for Supplemental Security Income (SSI). This court has jurisdiction to review the Commissioner's decision under 42 U.S.C. § 405(g). For the following reasons, the Commissioner's decision is AFFIRMED.

## FACTUAL AND PROCEDURAL HISTORY

Plaintiff was fifty-three years old at her alleged disability onset date. She has a high school education and past work experience in hand-packaging and scanning. Plaintiff previously applied for SSI in 1996, 1997, 1999, and 2001, but all her applications were denied.

1- OPINION AND ORDER

Plaintiff's current application for SSI was filed on August 14, 2006. She alleges disability based on obesity, back pain, carpal tunnel syndrome, numbness in her lower extremities, headaches, dizziness, difficulty with reading and writing, and depression. Her current SSI application was denied initially and upon reconsideration. An Administrative Law Judge (ALJ) conducted a hearing on January 27, 2009, at which she heard testimony from plaintiff, who was represented by counsel, and a vocational expert (VE).

On June 1, 2009, the ALJ issued a decision finding that plaintiff was not disabled as defined in the Social Security Act. The ALJ determined that plaintiff has the residual functional capacity (RFC) to perform a limited range of medium work as defined in 20 C.F.R. § 416.967(c). Tr. 18, Finding 4.[1] The ALJ determined that plaintiff can lift twenty-five pounds frequently and fifty pounds occasionally; stand, sit, and walk for six hours; and perform simple tasks. *Id*. Accordingly, the ALJ found that plaintiff is able to perform her past relevant work as a hand packager and scanner of returned goods. Tr. 20, Finding 5. Alternatively, the ALJ, after consulting with the VE, found that plaintiff could perform jobs existing in significant numbers in the national economy. Tr. 20, Finding 9.

The Appeals Council declined plaintiff's request for administrative review, making the ALJ's decision the final decision of the Commissioner. Plaintiff subsequently initiated this action seeking judicial review.

**STANDARDS**

To establish eligibility for benefits, a plaintiff has the burden of proving an inability to engage in any substantial gainful activity (SGA) "by reason of any medically determinable

---

[1] Tr. refers to the Transcript of the Administrative Record.

2- OPINION AND ORDER

physical or mental impairment" that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A). Additionally, for the purposes of SSI, a plaintiff has the burden of proving disability prior to the termination of his or her insured status. *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999).

The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for SSI benefits. 20 C.F.R. § 416.920. The claimant bears the burden of proof at steps one through four to establish his or her disability. At the fifth step, however, the burden shifts to the Commissioner to show that a significant number of jobs exist in the national economy that the claimant can perform given his or her RFC, age, education, and work experience. *Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir. 1996). If the Commissioner cannot meet this burden, the claimant is considered disabled for purposes of awarding benefits. 20 C.F.R. § 416.920(a). If the Commissioner meets this burden, the claimant is deemed not disabled for purposes of determining benefits eligibility. *Id.*

The Commissioner's decision must be affirmed if it is based on proper legal standards and its findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Tackett*, 180 F.3d at 1097; *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Substantial evidence is more than a scintilla but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (citation omitted). The Commissioner's denial of benefits must be upheld even if the evidence is susceptible to more than one rational interpretation, so long as one

of the interpretations supports the decision of the ALJ. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002); *Andrews*, 53 F.3d at 1039-40.

The court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). The Commissioner, not the reviewing court, must resolve conflicts in the evidence, and the Commissioner's decision must be upheld in instances where the evidence supports either outcome. *Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003); *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1998). However, a decision supported by substantial evidence must be set aside if the Commissioner did not apply the proper legal standards in weighing the evidence and making the decision. *Reddick*, 157 F.3d at 720.

## DISCUSSION

Plaintiff contends that this court should reverse and remand the Commissioner's final decision for further findings or for an award of benefits due to a number of alleged errors, including: (1) failing to apply res judicata to her previous RFC finding; (2) failing to consider plaintiff's obesity in formulating plaintiff's RFC, and (3) failing to develop the record.

### 1. Res Judicata

Plaintiff asserts that res judicata principles should apply to the ALJ's RFC finding from her 2004 disability determination, but fails to cite to any authority supporting this contention. Pl.'s Br. at 8. Plaintiff's previous RFC limited plaintiff to lifting twenty pounds occasionally and ten pounds frequently; precluded climbing ladders, ropes, or scaffolds; and limited her to occasional kneeling, stooping, and crawling. Attach. to Pl.'s Br. at 9. She also could perform the basic mental activities required by competitive, unskilled work. *Id.* These more restrictive limitations were based on medical opinion testimony and a dexterity test. *Id.* at 5. Although

4- OPINION AND ORDER

plaintiff was ultimately found to be not disabled, she now argues that res judicata should apply to this previous RFC finding.

An ALJ's findings in a previous disability determination, including a claimant's RFC, are entitled to res judicata consideration unless new information is subsequently presented. *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1173 (9th Cir. 2008) (applying no res judicata where the second ALJ's findings were based on medical evaluations conducted after the initial disability determination). In this case, the ALJ's decision relied on medical evidence after the date of the prior disability determination, so the ALJ's new RFC finding was proper. Even if res judicata were to apply, a presumption of continuing non-disability would exist because plaintiff failed to produce evidence showing changed circumstances from her previous SSI application. *See id.*

**2.      Plaintiff's RFC**

Plaintiff asserts that the ALJ failed to properly consider her obesity in combination with her other impairments when determining her RFC. Even though the ALJ must consider "any functional limitations resulting from the [claimant's] obesity in the RFC assessment," Social Security Ruling (SSR) 02-1p at *7, the ALJ must first determine the extent of the claimant's limitations by evaluating the medical evidence and the claimant's subjective testimony. 20 C.F.R. § 416.945.

The ALJ determined that plaintiff's obesity could reasonably be expected to cause some symptoms, but rejected plaintiff's testimony as to the intensity, persistence, and limiting effects of those symptoms. Tr. 19. The ALJ's credibility evaluation was based on plaintiff's daily activities, previous convictions for identity theft and drug crimes, sporadic work history, and the objective medical evidence. Tr. 19-20.

In determining a plaintiff's credibility, an ALJ should consider "ordinary techniques of credibility evaluation," including plaintiff's reputation for lying, prior inconsistent statements concerning symptoms, and other testimony that "appears less than candid." *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). The ALJ also may consider a claimant's work record, daily activities, and the observations of physicians and other third parties regarding the nature, onset, duration, and frequency of symptoms. *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997). However, a claimant's statements cannot be rejected solely because the testimony is viewed as unsubstantiated by the available objective medical evidence. 20 C.F.R. § 416.929(c)(2).

At the hearing, plaintiff testified to severe wrist and back pain. She stated that she can stand for only one hour, sit for less than thirty minutes, and walk for only fifteen minutes. Tr. 36, 39, 41-42. She described her pain as a "ten," or "excruciating like with childbirth," and explained that pain medication only slightly reduces her pain. Tr. 43. Plaintiff also testified that she had not sought treatment for her wrist or back pain since 1999. Tr. 46.

On agency questionnaires, plaintiff reported that she cannot perform any housework because of her pain. Tr. 159, 167. At the hearing, however, plaintiff testified that she washes dishes, makes beds, vacuums, does laundry, uses public transportation, goes to movies, and cares for her young grandchildren. Tr. 28, 47-51, 57. Plaintiff's testimony is inconsistent with her subjective pain complaints and supports the ALJ's finding that plaintiff can perform her past relevant work.

The ALJ properly relied on plaintiff's criminal history and sporadic work history in making her credibility determination. Plaintiff's convictions for methamphetamine possession, attempt to manufacture methamphetamine, and identity theft occurred less than ten years ago and

6- OPINION AND ORDER

are crimes involving dishonesty. Tr. 35. Plaintiff's reported work history shows only five months of employment, even before her alleged disability onset date. Tr. 145. This evidence provides clear and convincing reasons for discrediting plaintiff's testimony.

Plaintiff's medical records also support the ALJ's credibility determination and RFC finding. In June 2006, plaintiff complained of recurrent lower back pain and was prescribed an effective nonsteroidal anti-inflammatory. Tr. 200. Plaintiff also complained of back pain in May 2007 and was advised to continue taking pain medications. Tr. 234. When plaintiff reported that Tylenol gave her a headache, her treating physician prescribed another pain medication that also worked well in managing plaintiff's pain. Tr. 235, 239. By 2008, plaintiff's pain medication reasonably controlled her back pain. Tr. 240, 242. The medical evidence contradicts plaintiff's testimony of disabling pain that is unaffected by medication.

Plaintiff's depressive symptoms were also well-controlled by her medications since her alleged onset date. Tr. 204, 240. Because plaintiff's impairments were effectively controlled by her medications, they cannot be deemed disabling impairments for purposes of determining SSI benefits. *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006).

The ALJ cited clear and convincing reasons for rejecting plaintiff's subjective testimony. Accordingly, this court finds that substantial evidence supported the ALJ's RFC determination.

**3.     Failure to develop the record**

Plaintiff contends that the ALJ erred by failing to "[ask] a physician of record to consider the prior limitations established as a matter of law, and obesity impairment." Pl.'s Br. at 14. Again, plaintiff cites no authority supporting this assertion.

Although a claimant bears the initial burdens of proving disability, the ALJ also "has an independent duty to fully and fairly develop the record and to assure that the claimant's interests

are considered." *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (quotations and citations omitted). Fulfilling the duty to develop the record may compel the ALJ to consult a medical expert or to order a consultative examination. *See* 20 C.F.R. § 416.919a. However, the ALJ's duty to supplement the record is only triggered by ambiguous evidence or an inadequate record. *Tonapetyan*, 242 F.3d at 1150; *Armstrong v. Comm'r*, 160 F.3d 587, 590 (9th Cir. 1998) (requiring the ALJ to consult a medical expert to assist in determining a claimant's disability onset date when the record is ambiguous).

Here, the record is not inadequate or ambiguous regarding plaintiff's limitations. Rather, substantial evidence in the record supports the ALJ's finding that plaintiff is not disabled. Because the evidence consistently disfavored plaintiff, the ALJ was not required to obtain additional medical evidence. *Lewis v. Apfel*, 236 F.3d 503, 514-15 (9th Cir. 2001).

## CONCLUSION

Based on the foregoing, this court concludes that the Commissioner's findings were based upon correct legal standards and were supported by substantial evidence existing in the record. The Commissioner's decision denying Kathleen Goudge's benefits is AFFIRMED.

IT IS SO ORDERED.

DATED this   12   day of October, 2010.

                                                 /s/  Ancer L. Haggerty   
                                                         Ancer L. Haggerty  
                                                 United States District Judge